1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

HENDRIK BLOCK,

Case No.  1:22-cv-01396-ADA-HBK

12

Plaintiff,

13

v.

14

HOME DEPOT U.S.A., INC. et al.,

15

Defendants.

ORDER SETTING SETTLEMENT
CONFERENCE AND PARAMETERS AND
SCHEDULING PRE-CONFERENCE
TELEPHONIC DISCUSSION

16
17

**Settlement Statements due:  April 28, 2023**
**Telephonic Pre-Conference:  May 4, 2023**
**Settlement Conference:        May 12, 2023**

18
19
20

On February 23, 2023, the parties filed a Joint Status Report in response to the Court's

21

November 2, 2022 Order.  (Doc. Nos. 5, 12).  In their Joint Status Report, the parties state they

22

"believe that a settlement conference before a Magistrate Judge would be beneficial."  (Doc. No.

23

12, ¶ 4).  As a result, pursuant to Local Rule 270(b), the Court sets this matter for a settlement

24

conference.  Absent any objection from the parties,[1] Magistrate Judge Helena Barch-Kuchta will

25

hold a settlement conference on **May 12, 2023, at 10:00 a.m.**  Unless the parties request the

26
27

[1]  Because the undersigned is not the trial judge, the Court's Local Rules do not prohibit the undersigned
from conducing the settlement conference.  Local Rule 270(b).  If any party requests that the conference
not be conducted by the undersigned, the undersigned will refer it to another Magistrate Judge.  *Id*.

28

conference to be in-person, the Court will conduct the settlement conference via video conference.  The Zoom settlement conference invitation will be distributed the week prior.[2]  The Court has reserved the entire day for this settlement conference and expects the parties will proceed with the settlement conference in good faith and attempt to resolve all or part of the case.  If any party believes that the settlement conference will not be productive, that party shall so inform the court as far in advance of the settlement conference as possible.

Unless otherwise permitted in advance by the Court, the following individuals must attend the settlement conference in person: (1) the attorney(s) who will try the case; (2) the parties; and (3) individuals with full authority to negotiate and settle the case, on any terms.  *See* Local Rule 270(f).

**No later than two weeks prior to the settlement conference**, each party must submit a settlement statement by email to Judge Barch-Kuchta's chambers at hbkorders@caed.uscourts.gov.  The statement should neither be filed on the docket nor served on any other party.  In compliance with Local Rule 270(d)-(e), the undersigned will use the settlement statements to prepare for and conduct the settlement conference.  The statements will not become part of the case file and will be shred upon conclusion of the conference under Local Rule 270(e).  If applicable, the statements should be marked "CONFIDENTIAL."  *See* Local Rule 270(d).

The settlement statements should not exceed ten (10) page, excluding exhibits and should include:

(1) a brief recitation of the facts;

(2) a discussion of the strengths and weaknesses of the case, including the parties' relevant position on the factual and legal issues and brief review of the evidence to support the parties' factual position;

(3) an itemized estimate of the expected costs for further discovery, pretrial, and trial

---

[2] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Patricia Apodaca, Courtroom Deputy for the Hon. Helena Barch-Kuchta, United States Magistrate Judge, at PApodaca@caed.uscourts.gov

matters, in specific dollar terms;

(4) your best estimate of the probability that plaintiff will prevail should this case proceed to trial;

(5) your best estimate of the damages or relief plaintiff may recover should this case proceed to trial and plaintiff prevail (in specific dollar terms and/or injunctive relief, if applicable);

(6) a history of settlement discussions (including a listing of any current settlement offers from any party, in specific dollar terms), a candid statement of your party's current position on settlement, including **the amount that you will give/accept to settle** (in specific dollar terms), and a statement of your expectations for settlement discussions;

(7) a list of the individuals who will be attending the settlement on the party's behalf, including names and, if appropriate, titles;

(8) no more than ten (10) pages of exhibits (not already filed in the docket) to the extent a party believes the exhibits are relevant to their position.

At the beginning of the settlement conference, the parties' counsel may give a brief (five-minute) opening presentation outlining the factual and legal highlights of their case before the parties break into separate caucuses. The undersigned reserves the right to forego counsels' opening presentations if the undersigned determines that such presentations are not likely to be productive.

Notwithstanding the provisions of Federal Rule of Evidence 408, all parties' statements relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference will be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

Judge Barch-Kuchta will hold a short, pre-settlement conference telephone discussion on **May 4, 2023, at 11:00 a.m.** (dial-in number: 1-888-204-5984; passcode: 4446176). Only the lead attorney from each side should participate. At Judge Barch-Kuchta's discretion, the joint

telephonic discussion may be followed by private telephonic discussions between the judge and each party.

Dated:   March 8, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE